MICHAEL D. HAIGHT, ESQ.
Nevada Bar No. 5654
ANDREW B. BARTON, ESQ.
Nevada Bar No. 12692
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 862-8200
Facsimile: (702) 862-8204
andrew@hennessandhaight.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALAN D. BROWN,<br><br>             Plaintiff,<br><br>vs.<br><br>TRACTEL INC.; DOE EMPLOYEES I through X; ROE MANUFACTURERS I through X; ROE DISTRIBUTORS I through X; ROE RETAILERS I through X; and ROE SERVICERS I through X, inclusive,<br><br>             Defendants. | Case No.: 2:18-cv-02169-RFB-VCF |

**STIPULATION AND ORDER ALLOWING PLAINTIFF TO FILE
FIRST AMENDED COMPLAINT**

Plaintiff ALAN BROWN, by and through his counsel of record, MICHAEL D. HAIGHT, ESQ. and ANDREW B. BARTON, ESQ., of the law firm of HENNESS & HAIGHT, and Defendant TRACTEL, INC., by and through its counsel of record, JOEL D. ODOU, ESQ., BROOKE A. BOHLKE, ESQ. and DANIELLE A. OTERO, ESQ., of the law firm of WOOD, SMITH, HENNING & BERMAN, hereby stipulate and agree that the Plaintiff be allowed to

///

1

amend his complaint on file herein to rename Defendant ROE RETAILER I as B.C. WIRE ROPE AND RIGGING, INC.

A copy of the proposed First Amended Complaint is attached hereto as Exhibit "1".

DATED this 14th day of January, 2019.   DATED this 14th day of January, 2019.

HENNESS & HAIGHT   WOOD, SMITH, HENNING & BERMAN

 */s/ Andrew B. Barton*   */s/ Brooke A. Bohlke*
MICHAEL D. HAIGHT, ESQ.   JOEL D. ODOU, ESQ.
Nevada Bar No. 5654   Nevada Bar No. 7468
ANDREW B. BARTON, ESQ.   BROOKE A. BOHLKE, ESQ.
Nevada Bar No. 12692   Nevada Bar No. 9374
8972 Spanish Ridge Avenue   DANIELLE A. OTERO, ESQ.
Las Vegas, Nevada 89148   Nevada Bar No. 14253
*Attorneys for Plaintiff*   2881 Business Park Court, Suite 200
   Las Vegas, Nevada 89128
   *Attorneys for Defendant*

**IT IS SO ORDERED:**

_____
**UNITEDSTATES MAGISTRATE JUDGE**

1-15-2019
**DATED:** _____

```
IT IS HEREBY ORDERED that the First Amended Complaint must be
filed on or before January 22, 2019.
```

EXHIBIT 1

```
 1  COMP
    MICHAEL D. HAIGHT, ESQ.
 2  Nevada Bar No. 5654
    ANDREW B. BARTON, ESQ.
 3  Nevada Bar No. 12692
 4  HENNESS & HAIGHT
    8972 Spanish Ridge Avenue
 5  Las Vegas, Nevada 89148
    (702) 862-8200 Telephone
 6  (702) 862-8204 Facsimile
 7  andrew@hennessandhaight.com
    Attorneys for Plaintiff
 8
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALAN D. BROWN,<br><br>            Plaintiff,<br><br>vs.<br><br>TRACTEL INC.; B.C. WIRE ROPE AND RIGGING, INC.; DOE EMPLOYEES I through X; ROE MANUFACTURERS I through X; ROE DISTRIBUTORS I through X; ROE RETAILERS II through X; and ROE SERVICERS I through X, inclusive,<br><br>            Defendants. | Case No.: 2:18-cv-02169-RFB-VCF<br><br>**JURY DEMAND** |

## [PROPOSED] FIRST AMENDED COMPLAINT

Plaintiff, ALAN D. BROWN, by and through his attorneys, MICHAEL D. HAIGHT, ESQ. and ANDREW B. BARTON, ESQ., of the law firm of HENNESS & HAIGHT, for his causes of action against Defendants, and each of them, alleges as follows:

## THE PARTIES

1. That at all times relevant to these proceedings, Plaintiff, ALAN D. BROWN, was and is a resident of Clark County, Nevada.

2. At all times relevant to these proceedings, and upon information and belief, Defendant, TRACTEL INC. (hereinafter referred to as "TRACTEL"), is a corporation foreign to the State of Nevada being duly organized and incorporated under the laws of the State of Massachusetts.

3. At all times relevant to these proceedings, and upon information and belief, Defendant, B.C. WIRE ROPE AND RIGGING, INC. (hereinafter referred to as "BC"), is a domestic corporation organized and incorporated under the laws of the State of Nevada.

4. In addition to incorporating in the State of Nevada, Defendant BC also operates two retail locations in Nevada: Elko and Las Vegas.

5. That the true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein, are unknown to PLAINTIFF who therefore sues said Defendants by said fictitious names. PLAINTIFF is informed, believes, and thereon alleges that each of the Defendants designated as DOES and ROES are responsible in some manner for the events and happenings referred to, and caused damages proximately to PLAINTIFF as herein alleged.

6. At all times relevant to these proceedings, Defendants, DOE EMPLOYEES I through X were employed by Defendant TRACTEL, Defendant BC, or currently unknown ROE Defendants. Said DOE EMPLOYEES I through X performed actions within the course and scope of their employment, which proximately caused or contributed to the incident giving rise to this action.

7. At all times relevant to these proceedings, Defendants, ROE MANUFACTURERS I through X, are unknown corporations that in some manner were responsible for manufacturing all or a portion of the product in question, and it was foreseeable that said products would be purchased and used in Nevada and would require adequate design and construction, sufficient instructions, and proper warnings thereon and therewith.

8. At all times relevant to these proceedings, Defendants, ROE DISTRIBUTORS I through X, are unknown corporations, that in some manner engaged in the business of marketing, selling, distributing, and providing instruction and warnings thereon or therewith the product in question, and it was foreseeable that said products would be purchased and used in Nevada.

9. At all times relevant to these proceedings, Defendants, ROE RETAILERS II through X, are unknown corporations that in some manner were responsible for selling all or a portion of the product in question and for providing instructions and warnings thereon or therewith. ROE RETAILERS II though X are also responsible for providing public access to the product in question and ensuring its safety for foreseeable uses by the public.

10. At all times relevant to these proceedings, Defendants, ROE SERVICERS I through X, are unknown corporations that in some manner engaged in the business of repairing, servicing, maintaining, and providing instruction and warnings thereon or therewith the product in question.

11. PLAINTIFF will ask leave of this Court to amend his Complaint to insert the true names and capacities of DOE EMPLOYEES I through X, ROE MANUFACTURERS I through X, ROE DISTRIBUTORS I through X, ROE RETAILERS I through X, and ROE SERVICERS II through X when the same have been ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

///

///

///

///

///

**JURISDICTION AND VENUE**

12. At all times relevant to these proceedings, Defendants, and each of them, utilized the privileges, benefits, and protections of the laws of the State of Nevada and have otherwise availed themselves to the jurisdiction of the State of Nevada by placing products into the stream of commerce, which were marketed, sold, distributed, and/or used in the State of Nevada, or by otherwise establishing sufficient minimum contacts with the State of Nevada so as to submit themselves to the jurisdiction of Nevada.

13. Venue as to each Defendant is proper in this judicial district. Defendant TRACTEL, Defendant BC, and all DOE and ROE Defendants, distribute, market, service, and provide their product(s) to businesses operating in the State of Nevada.

**GENERAL ALLEGATIONS**

14. Prior to the date at issue, September 30, 2016, Defendant TRACTEL, manufactured, sold, distributed, and/or marketed a manual lever hoist, known as a Bravo – Manual Lever Hoist, or commonly referred to as a "come-along" device ("come-along"). "Come-along" devices are used to lift and pull heavy loads. Persons using "come-along" devices rely on, among other things, the quality and workmanship of the device to protect themselves from harm.

15. Prior to the date at issue, September 30, 2016, Defendant BC sold a Tractel Bravo – Manual Lever Hoist to Plaintiff's employer, Nevada Ready Mix.

16. On or about September 30, 2016, in Clark County, Nevada, Plaintiff, ALAN D. BROWN, was working for Nevada Ready Mix at the Lone Mountain and 215 worksite, located at 10902 West Washburn Rd., Las Vegas, NV 89166 ("property").

///

///

4

17. During his shift on that date, Mr. Brown was using the subject Tractel "come-along," purchased from Defendant BC, to replace a belt on a piece of Nevada Ready Mix equipment. He was familiar with the operation of the "come-along" in this manner, as he had used that particular "come-along" prior to September 30, 2016.

18. As he was operating the "come-along" in a proper manner, the device malfunctioned. Specifically, the gears within the "come-along" failed to engage and instead they spun freely.

19. Because the "come-along" failed to engage, there was no resistance to Mr. Brown operating the pull handle, and he fell backwards, hitting his left wrist on a handrail behind him.

20. As a direct and proximate result of the "come-along" malfunctioning, Plaintiff sustained serious injuries, including, but not limited to, a severely fractured left wrist requiring an open reduction and internal fixation.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE: ALL DEFENDANTS)

21. Plaintiff re-alleges each and every allegation contained above as though fully set forth herein.

22. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, were responsible in some manner for the events and happenings referred to, specifically for creating and/or allowing a hazardous condition to exist with regards to the subject defective "come-along" device, and caused damages to Plaintiff, as herein alleged.

23. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, either negligently designed, manufactured, assembled, distributed, maintained, or otherwise controlled the subject "come-along" device, and are thus, responsible for the events and happenings referred to, and caused damages proximately to Plaintiff as herein alleged.

24. That Defendants, and each of them, knew or should have known of the subject "come-along" device's malfunction potential, and failed to warn and/or protect Plaintiff, ALAN D. BROWN, from the "come-along" device's malfunction resulting in said incident, all in breach of their common law and statutory duty, resulting in injuries to Plaintiff, ALAN D. BROWN.

25. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff, ALAN D. BROWN, suffered serious, debilitating injuries, including but not limited to injuries to his left wrist, causing general damage in an amount to be determined at trial, but which exceeds $15,000.00.

26. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred, and will incur in the future, medical expenses in an amount to be proven at the time of trial.

27. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered injuries resulting in lost wages and diminished earning capacity both past and future.

28. That as a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff, ALAN D. BROWN, has suffered and continues to suffer a significant deterioration in his enjoyment of life and lifestyle.

29. Plaintiff has been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of the suit incurred herein.

### SECOND CAUSE OF ACTION
### (NEGLIGENT HIRING/TRAINING/SUPERVISION: ALL DEFENDANTS)

30. Plaintiff re-alleges each and every allegation contained above as though fully set forth herein.

31.     Defendants had a duty to exercise ordinary and reasonable care in screening, hiring, and maintaining of their employees that were qualified and suitable to perform their duties in a reasonable safe manner so as to protect others from unreasonable risk of harm.

32.     Defendants are required to provide their employees with proper supervision and training so that their employees do not cause harm to the public.

33.     Defendants breached their duty by failing to adequately screen, hire, train, and/or supervise their employees to properly and safely design, construct, manufacture, distribute, install, assemble, place, service, maintain, or otherwise handle the subject "come-along" device.

34.     Defendants' negligence in the screening, hiring, training, supervising, and/or retention of its employees was the actual and proximate cause of Plaintiff's injuries and damages.

35.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff, ALAN D. BROWN, suffered serious, debilitating injuries, including but not limited to injuries to his left wrist, causing general damage in an amount to be determined at trial, but which exceeds $15,000.00.

36.     That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred, and will incur in the future, medical expenses in an amount to be proven at the time of trial.

37.     That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered injuries resulting in lost wages and diminished earning capacity both past and future.

38.     That as a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff, ALAN D. BROWN, has suffered and continues to suffer a significant deterioration in his enjoyment of life and lifestyle.

39. Plaintiff has been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of the suit incurred herein.

## THIRD CAUSE OF ACTION
## (STRICT PRODUCTS LIABILITY: ALL DEFENDANTS)

40. Plaintiff re-alleges each and every allegation contained above as though fully set forth herein.

41. Defendants, and each of them, are strictly liable to Plaintiff for designing, manufacturing, or placing into the market, the subject defective "come-along" device or component parts of the defective product that were unreasonably dangerous for their foreseeable use because of the various design and/or manufacturing defects and/or the failures to warn of foreseeable product use and misuse, each of which was a proximate cause of the occurrence in question and Plaintiff's injuries.

42. The product in question was defectively designed and manufactured in that it was unreasonably dangerous to the public in its foreseeable use. Specifically, it was foreseeable that the product could malfunction while being used in a foreseeable manner, and cause serious injury to users.

43. The product in question was defectively marketed, manufactured, sold, and/or distributed by Defendants, and each of them, with respect to their failure to warn or adequately warn or instruct in the safe use of the subject "come-along" device, and such defect was a proximate cause of the occurrence in question and Plaintiff's injuries.

44. That as a direct and proximate result of these defects, and each of them, Plaintiff, ALAN D. BROWN, suffered serious, debilitating injuries, including but not limited to injuries to his left wrist, causing general damage in an amount to be determined at trial, but which exceed $15,000.00.

45. That as a further direct and proximate result of these defects, and each of them, Plaintiff incurred, and will incur in the future, medical expenses in an amount to be proven at the time of trial.

46. That as a further direct and proximate result of these defects, and each of them, Plaintiff suffered injuries resulting in lost wages and diminished earning capacity both past and future.

47. That as a further and direct and proximate result of these defects, and each of them, Plaintiff, ALAN D. BROWN, has suffered and continues to suffer a significant deterioration in his enjoyment of life and lifestyle.

48. Plaintiff has been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of the suit incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving the right to amend his Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, prays for judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000;

2. Damages for costs of medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

3. For damages for costs of future medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

4. Damages for lost wages and diminished earning capacity, when the same have been fully ascertained;

5. Reasonable attorneys' fees and costs of suit incurred herein; and

6. For such other and further relief as the Court may deem proper.

DATED this _____ day of January, 2019.

          HENNESS & HAIGHT

          _____
          MICHAEL D. HAIGHT, ESQ.
          Nevada Bar No. 5654
          ANDREW B. BARTON, ESQ.
          Nevada Bar No. 12692
          8972 Spanish Ridge Avenue
          Las Vegas, Nevada 89148
          *Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of HENNESS AND HAIGHT and that, on this _____ day of January, 2019, I caused the foregoing **FIRST AMENDED COMPLAINT** to be served as follows:

    [ ]    by placing a true and correct copy of the same to be deposited for mailing in the U.S. Mail at Las Vegas, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

    [ ]    by sending it via facsimile; and/or

    [ ]    by hand delivery

    [X]    by CM/ECF System: by transmitting via the United States District Court's CM/ECF System to the following individuals for which such is designated on the Service List

to the attorneys listed below:

Joel D. Odou, Esq.
Brooke A. Bohlke, Esq.
Danielle A. Otero, Esq.
WOOD, SMITH, HENNING & BERMAN LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
*Attorneys for Defendant*

 

_____
An employee of HENNESS AND HAIGHT